Jared B. Gaynor - SBN 263703
NOVUS LAW GROUP, P.C.
1555 River Park Drive, Suite 202
Sacramento, CA 95815
Ph: (916) 226-1286

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>DANIEL GONZALEZ VACA<br><br>MARIA MEDINA VACA<br><br>            Debtors | Case No. 2013-22833<br>Hearing Date: June 4, 2013<br>Hearing Time: 2:00 p.m.<br>Courtroom 35 - Dept C<br>The Honorable Christopher M. Klein<br>Docket Control No.: JBG-02 |

## MOTION TO VALUE COLLATERAL OF

## BEST BUY

Jared B. Gaynor of Novus Law Group, P.C., on behalf of Daniel Gonzalez Vaca and Maria Medina Vaca, the Debtors herein, hereby moves this Court for an Order Valuing the Collateral held by Best Buy.  This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on March 1, 2013.  Lawrence J. Loheit was duly appointed to serve as the Chapter 13 Trustee in this case.

2. This motion is brought pursuant to 11 U.S.C. §506(a) and (d) and Rule 3012 of the Federal Rules of Bankruptcy Procedure.

3. As shown in Schedule B of this case, the Debtors have an interest in miscellaneous home electronics (hereinafter, the "ASSET").  A copy of Schedule B is attached to the concurrently-filed Exhibit.  The Debtors believe and assert that the reasonable, fair-market value of the ASSET is **$ 200.00**.  The Declaration of the Debtors in support of

this asserted value is filed concurrently with this Motion and incorporated herein by reference.

4. Schedule D of this case also discloses a debt owed to **BEST BUY.** A copy of Schedule D is attached to the concurrently-filed Exhibit. The Debtors believe and assert that this creditor holds a valid security interest in the ASSET under a Purchase Money Security Interest, pursuant to a contract signed more than 1 year prior to the filing of this case.

5. The Debtors further believe and assert that the present balance owed by the Debtors to this creditor is **$1,211.99.**

6. Subject to the restrictions of 11 U.S. Codes §1325(a)(9)[1], the Debtors' Chapter 13 Plan may propose that certain partially secured claims be allowed as secured for the purposes of distribution only to the value of the collateral held by the secured creditor.

7. The Debtors assert that the terms and conditions of these restrictions have been met in this instance.

//
//
//
//
//
//
//

---

[1] §1325. Confirmation of plan
   (a) Except as provided in subsection (b), the court shall confirm a plan if –
      (9) the debtor has filed all applicable Federal, State and local tax returns as required by section 1308. For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within 910 days preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if the collateral for that debt consists of any other thing of value, if the debt was incurred within the 1-year period preceding that filing.

Motion to Value Collateral                      2

RESTATEMENT

WHEREFORE, the Debtors request the Court to determine that the secured claim of Best Buy, in ASSET be allowed at **$ 200.00**.

Respectfully submitted on April 12, 2013.

/s/ *Jared B. Gaynor*
Jared B. Gaynor
Novus Law Group, P.C.
1555 River Park Drive, Suite 202
Sacramento, CA 95815